**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FILOGONIO BACILIO LORENZO,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

      Plaintiff,

      v.

DEE MARK INC.,
   d/b/a AROY DEE THAI,
DEE JING INC.,
   d/b/a KUU RAMEN
LIMUPOKE INC.,
   d/b/a KUU RAMEN,
PENKAE POOLSUK, and
CHATCHAI HUADWATTANA,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff FILOGONIO BACILIO LORENZO ("Plaintiff LORENZO" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against DEE MARK INC., d/b/a AROY DEE THAI, DEE JING INC., d/b/a KUU RAMEN, LIMUPOKE INC., d/b/a KUU RAMEN, (collectively, "Corporate Defendants") and PENKAE POOLSUK, and CHATCHAI

HUADWATTANA, ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, due to an invalid tip credit; (2) illegally retained surcharges; (3) unreimbursed tools of the trade; (4) liquidated damages; and (5) attorney's fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit; (2) illegally retained surcharges; (3) unreimbursed tools of the trade; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

3.     Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4.     Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class Members by failing to pay employer payroll taxes for Plaintiff and Class Members, as required by the Federal Insurance Contribution Act ("FICA").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337, and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

7.     The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

### PARTIES

8.     At all relevant times herein, Plaintiff LORENZO, was and is a resident of New York County, New York.

9.     Defendants collectively own and operate three (3) restaurants at the following locations:

   a)  Aroy Dee Thai – 20 John Street, New York, NY 10038;

   b)  Kuu Ramen FiDi– 20 John Street, New York, NY 10038; and

   c)  Kuu Ramen UES – 1275 1st Avenue, New York, NY 10065 (collectively, the "Restaurants").

10.    All the Restaurants are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

   a)  All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant PENKAE POOLSUK operates the totality of the Restaurants.

   b)  All the Restaurants operate together as a single integrated enterprise. More precisely, the Restaurant Aroy Dee Thai and Kuu Ramen operate together in the same location at 20 John Street, New York, NY 10038. *See* **Exhibit A**. The premise is divided in two, on the right side operates Kuu Ramen and on the left

side operates Aroy Dee Thai, and in the back a common kitchen and storage area.

c) Because of this shared premises, the Restaurants interchange employees. Plaintiff, FLSA Collective Plaintiffs, and Class Members performed work simultaneously for both locations.

d) Similarly, employees from Aroy Dee Thai and Kuu Ramen from 20 John Street location are sent to work as required to Defendants' Restaurant Kuu Ramen located at 1275 1st Avenue, New York, NY 10065.

e) All Restaurants have a centralized Human Resources that deals with hiring, firing, and administering all the Restaurants' work force.

11.   Defendants operate the Restaurants through the following Corporate Defendants:

a) Corporate Defendant, DEE MARK INC., d/b/a AROY DEE THAI, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 20 John Street, New York, NY 10038 an address of service of process located at 41-42 50 Street, Suite 4D, Woodside, NY 11377.

b) Corporate Defendant, DEE JING INC., d/b/a KUU RAMEN, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 20 John Street, New York, NY 10038.

c) Corporate Defendant, LIMUPOKE INC., d/b/a KUU RAMEN is a domestic business corporation organized under the laws of New York, with a principal place of business located at 1275 1st Avenue, New York, NY 10065 an address

for service of process located at 1750 Grand Concourse, APT 3C, Bronx, NY, 10457.

12.     Individual Defendant PENKAE POOLSUK is the principal and executive officer of all Corporate Defendant entities. exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. PENKAE POOLSUK frequently visits the Restaurants. exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to PENKAE POOLSUK directly regarding any of the terms of their employment, and would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. PENKAE POOLSUK exercised functional control over the business and financial operations of Corporate Defendants. PENKAE POOLSUK had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

13.     Individual Defendant CHATCHAI HUADWATTANA is a co-founder and principal of all Corporate Defendant entities. exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. CHATCHAI HUADWATTANA frequently visits the Restaurants. exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the

Class. At all times, employees of the Restaurants could complain to CHATCHAI HUADWATTANA directly regarding any of the terms of their employment and would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. CHATCHAI HUADWATTANA exercised functional control over the business and financial operations of Corporate Defendants. CHATCHAI HUADWATTANA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

14.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including delivery persons, servers, runners, bussers, and bartenders among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are

and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid overtime due to an invalid tip credit; (ii) unlawfully retained surcharges, and (iii) unreimbursed tools of the trade. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees, including delivery persons, servers, runners, bussers, and bartenders among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

21.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants of: (i) failing to pay wages, including overtime, due to an invalid tip credit; (ii) unlawful retention of surcharges; (iii) failing to reimburse for tools of the trade; (iv) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (vi) failing to provide proper wage statements per requirements of NYLL;

24.     More specifically, with regard to Plaintiff and Class Members, Defendants also failed to pay the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and Class Members suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek; (iii) had an improper tip pool where managers and employees that did not serve customers were taking tips; (iv) illegally retain gratuities through its managers and employees that did not serve customers; (v)

failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

25.     Defendants retained and failed to remit all tips earned by tipped employees because Defendants' managers and employees that did not serve customers would retain a portion of the tips earned.

26.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

27.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a.  Whether Defendants employed Plaintiff and the Class Members within the meaning of NYLL and applicable state laws;
>
> b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d.  Whether Defendants properly notified Plaintiff and Class Members of their hourly rates;

e.  Whether Defendants properly compensated Plaintiff and Class Members for all hours worked;

f.  Whether Defendants operated their business with a policy of failing to pay minimum and overtime wages to Plaintiff, and Class Members for all hours worked due to an invalid tip credit;

g.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

i.  Whether Defendants had an improper tip pool that included managers and other employees that did not serve customers;

j.  Whether Defendants retained any portion of the surcharges or fees without providing notice to customers that management was retaining such fees;

k.  Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

l.  Whether Defendants reimbursed Plaintiff and the Class costs and repairing costs of tools of the trade, pursuant to the requirements of NYLL and applicable state laws;

m.  Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class;

n.  Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked;

o.  Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

p.  Whether Defendants provided the information required to be provided on wage statements as required under NYLL.

## STATEMENT OF FACTS

31.     In or around July 2021, Plaintiff LORENZO was hired by Defendants to work as a delivery person for Defendants' Restaurant Aroy Dee Thai, located at 20 John St, New York, NY 10038. Plaintiff was employed by Defendants until in or July 2022.

32.     Despite the fact that Plaintiff LORENZO was hired to work for Defendants' Restaurant Aroy Dee Thai, he was also required to work for Defendants' Kuu Ramen FiDi restaurant, located in the same premises, on an as needed basis. Similarly, FLSA Collective Plaintiffs and Class Members freely interchanged between Restaurants, including Defendants' Restaurant Kuu Ramen UES.

33.     Plaintiff was scheduled to work four (4) days per week, Wednesdays and Fridays from 11:30 a.m. to 11:00 p.m., Thursdays from 12:00 p.m. to 11:00 p.m. and Sundays from 3:00 p.m. to 10:30 p.m., for a total of forty-one and half (41.5) hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work more than forty (40) hours each week.

34.     From the start of his employment to in or around January 2022, Plaintiff LORENZO was compensated at an hourly rate of twelve dollars and twenty-five cents ($12.25) per hour weekly in check and cash. From in or around January 2022 to the end of his employment, Plaintiff LORENZO was compensated at an hourly rate of twelve dollars and sixty-five cents ($12.65) per hour weekly in check and cash. FLSA Collective Plaintiffs and Class Members were compensated at similar rates weekly in check and cash.

35.     During Plaintiff's employment, Defendant compensated him at rates below the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit. FLSA Collective Plaintiffs, and Class Members similarly were paid at the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit.

36.     With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek; (iii) had an improper tip pool where managers and employees that did not serve customers were taking tips; (iv) illegally retained gratuities through its managers and employees that did not serve customers; (v) failed to accurately keep track of daily tips earned and maintain records thereof.

37.     Specifically, Plaintiff was required to engage more than twenty percent (20%) of their working time performing non-tipped related activities, such as cooking, dishwashing, accepting and unloading deliveries, and polishing cutlery and crockery. Even though Defendants required Plaintiff and tipped employees to engage in non-tipped activities in excess of two (2)

hours or twenty percent (20%) of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

38.     At all relevant times, Defendants instructed Plaintiff, FLSA Collective Plaintiffs, and Class Members to perform catering services inside and outside Defendants' premises. For catering deliveries and regular deliveries, Defendants surcharged customers with different fees. However, Defendants failed to provide customers with an explicit written statement that the administrative charge or surcharge was assessed to cover overhead and would be retained by Defendants. Defendants' notice of the mandatory surcharge was inadequate to satisfy the requirements of *Sarmiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008).

39.     Defendants retained one hundred percent (100%) of the mandatory surcharge and Plaintiff doing the deliveries retained zero percent (0%) of the mandatory surcharge. However, kitchen employees were entitled to keep thirty-three (33%) of the mandatory surcharge. Prospective customers did not receive any notice that management would retain the mandatory surcharge, and accordingly, they believed the surcharge to be paid employees working the events.

40.     The surcharge is covered under the meaning of § 196-d of the NYLL. In New York, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities and other surcharges or fees, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." § NYLL 196-d.

41.     Nonetheless, Defendants instructed tipped employees to share their tips with non-tipped employees. After receiving their weekly compensation, Plaintiff was required to deduct a portion of his weekly earned tips and share it with the cooks. This unlawful policy reduced

Plaintiff's weekly compensation. Thus, at the end of the week, Plaintiff's total compensation was below the prevailing minimum wage. Similarly, FLSA Collective Plaintiffs and Class Members were required to distribute their earnings with non-tipped employees resulting in compensation below the prevailing minimum wage.

42.     At all relevant times, Plaintiff and Class Members had to buy and provide their own tools and working materials, such as bicycles, helmets, bags, flashlights, protective vests, and tools to repair their bicycles. Moreover, Plaintiff regularly incurred mechanical costs to fix and repair his bicycle, including purchasing accessories, wheels, and spare parts. Plaintiff would spend about forty dollars ($40) per month on maintaining his tools. Similarly, FLSA Collective Plaintiffs, and Class Members were also similarly not reimbursed by Defendants for the cost of maintaining their tools.

43.     Defendants failed to properly withhold Plaintiff and Class Members wages for tax purposes.

44.     Every week, Plaintiff, FLSA Collective Plaintiffs, and Class Members were compensated with a paycheck accompanied with a paystub with all tax deductions. Separately, Plaintiff, FLSA Collective Plaintiffs, and Class Members received an additional payment in cash, without deductions, in violation of the Internal Revenue Code.

45.     Moreover, due to Defendants invalid policy of obliging Plaintiff to share his tax deducted weekly compensation with non-tipped employees, Defendants filed wrongful and inaccurate tax documents, violating the Internal Revenue Code. On the records, Plaintiff has different earnings than what he really received. Contrarily, kitchen employees that got a percentage of Plaintiff compensation suffered no tax deductions for that income.

46.     Defendants further failed to provide Plaintiff and Class Members with an accurate W-2 tax statement for each tax year during which Plaintiff worked.

47.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

48.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

49.     Defendants knowingly and willfully operated their business with a policy of paying at the New York State tip credit minimum wage and at an improper overtime rate for hours worked over forty (40) in a workweek. Defendants were not entitled to claim any tip credits from Plaintiff, FLSA Collective Plaintiffs, and Class Members under FLSA or NYLL.

50.    Defendants knowingly and willfully operated their business with a policy of unlawfully retaining surcharges, pursuant to the NYLL.

51.    Defendants knowingly and willfully operated their business with a policy of not reimbursing tools of the trade cost and expenses, pursuant the NYLL.

52.    Defendants had a legal obligation to file accurate tax statements with the IRS.

53.    Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

54.    Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

55.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

56.    Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

57.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

59.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

60.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty (40) hours a week. Defendants were not entitled to claim any tip credits under the FLSA.

61.     At all relevant times, Defendants were not entitled to retain surcharges under the FLSA.

62.     At all relevant times, Defendants willfully failed to reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of tools of the trade, which resulted in them incurring additional damages on top of not being properly compensated for the overtime work they performed for Defendants.

63.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

64.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

65.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

66.     As a direct and proximate result of Defendants' willful disregard of FLSA,

Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

67.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime due to an invalid tip credit; damages representing disgorgement of illegally retained surcharges; reimbursement for costs for tools of the trade; plus an equal amount as liquidated damages.

68.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

69.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

70.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

71.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

72.     Defendants willfully violated Plaintiff's and the Class Members' rights by illegally retaining surcharges through its managers and employees that did not serve employees.

73.     At all relevant times, Defendants engaged in a policy and practice of refusing to reimburse Plaintiff and Class Members for tools of the trade maintenance costs.

74.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under NYLL.

75.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL.

76.     Defendants knowingly and willfully demanded and retained surcharges or fees and "charges purported to be gratuities and other surcharges or fees" from Plaintiff and Class Members, in violation of NYLL §196-d.

77.     Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to an invalid tip credit; damages representing disgorgement of illegally retained surcharges; reimbursement for costs for tools of the trade; reasonable attorney's fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS

## UNDER 26 U.S.C. § 7434(a)

78.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

79.     Defendants failed to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class Members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26

U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to each Class member for each fraudulent filing, which would have to be at least once a year.

80.     Defendants also unjustly enriched themselves at the expense of Plaintiff and Class Members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class Members' behalf.

81.     As a result, Plaintiff and Class Members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

82.     Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime, due to an invalid tip credit under the FLSA;

d.  An award equal to the amount in surcharges or fees misappropriated by Defendants;

e.   An award of unreimbursed maintenance costs for tools of the trade under FLSA and NYLL;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

h.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

i.   Statutory damages of $25,000.00 for each Plaintiff and each Class member for fraudulent filings made on their behalf by Defendants;

j.   Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

k.   That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

l.   Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

m.   Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiff as Representatives of the Class; and

o.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 4, 2023                        Respectfully submitted,
     New York, New York

By:   /s/ *CK Lee*
        C.K. Lee, Esq.
        **LEE LITIGATION GROUP, PLLC**
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 W. 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1180
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiffs, and the Class*