# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:  (646) 598-8286
robert@leelitigation.com

June 23, 2023

**Via ECF**

The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re:  *Lorenzo v. Dee Mark Inc. et al*
Case No.: 23-cv-00048

Dear Judge Vyskocil:

We are counsel to Plaintiff in the above-captioned case. We write jointly with counsel to Defendants to request a pre-motion conference regarding discovery disputes in accordance with Local Rules 37.2 and Your Honor's Individual Rule 3(d). Plaintiff met and conferred with Defendants on March 27, 2023 to address the below discovery issue.

Plaintiff's Position:

Defendants have refused to provide class discovery. Defendants claim class discovery is irrelevant as to this action. It is not disputed that Plaintiff raises class claims. More than raise class claims, the record of this matter already demonstrates payroll violations.

Further, to forestall any argument regarding the burden of production, Plaintiff would propose a sampling consisting primarily of documents typically stored electronically, and therefore, easily accessible and produced. Such documents include, (i) payroll of sampled employees, (ii) earning statements of sampled employees, (iii) paystubs of sampled employees, (iv) wage notices of sampled employees, and (v) any handbooks. Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016).

Defendants' Positon:

Defendants respectfully disagree with Plaintiff's interpretation of the law and believe that the cases cited do not support broad discovery before collective certification.

In *Benavides v. Serenity Spa NY Inc.*, the court granted the plaintiff's request for discovery only after the motion for conditional collective action certification had been granted.  This is a different scenario from allowing discovery before certification.

  Furthermore, we would like to draw Your Honor's attention to two cases that support our position. In *Heras v. Metro. Learning Inst.*, 19-CV-2694 (DG) (E.D.N.Y. Jul. 30, 2021), the court denied the plaintiff's request for contact information of potential opt-in plaintiffs before the collective action certification. The court reasoned that the plaintiff had not shown a particularized need for the contact information and that the request was overly broad. Notably, at the time the plaintiff filed her motion to compel, she had not moved for either conditional certification of a collective action under FLSA or for Rule 23 class certification under the NYLL.

  Similarly, in *Beaton v. Verizon New York, Inc.*, No. 20-CV-672 (BMC), 2020 WL 6449235 (E.D.N.Y. Nov. 3, 2020), the court was cautious about allowing discovery regarding potential class members before the class was certified. The court declined to compel the defendant to provide this information at that stage, emphasizing the need to balance the necessity of discovery for certification against the burden it places on the defendant.

  These cases bolster our argument for limiting discovery prior to collective certification. We respectfully request that Your Honor consider these cases and our position on this matter.

  Plaintiff requests a conference with the Court to permit a more in-depth discussion regarding the above deficiency.

  We thank Your Honor for considering our request.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

  Plaintiffs are entitled to non-burdensome discovery on the issues of commonality, typicality and numerosity. If there are electronic payroll records, it would seem relevant information can be easily provided either through sampling or through a production that eliminates personal identifying information (including names) and instead consists only of information relevant to the class certification standards, such as documents showing job title and salary, possibly including wage or earning statements and any relevant handbooks. The cases cited by defendants, <u>Beaton v. Verizon N.Y, Inc.</u>, 2020 WL 6449235 (E.D.N.Y. Nov. 3, 2020), and <u>Heras v. Metro. Learning Inst.</u>, 2021 WL 3269056 (E.D.N.Y. July 30, 2021), are in accord with this ruling inasmuch as they concluded that plaintiffs' attorneys were not entitled to identities and contact information of putative class members, The parties are directed to confer again, this time by telephone or in person. If agreement on the production cannot be reached, a new letter may be addressed to the undersigned that describes the remaining dispute in full and complies with paragraph 2.A of the undersigned's Individual Practices.

  SO ORDERED

Dated: June 23, 2023
  New York, New York

              GABRIEL W. GORENSTEIN
              United States Magistrate Judge