USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 9/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILOGONIO BACILIO LORENZO, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

Plaintiff,

-against-

DEE MARK INC., *doing business as* Aroy Dee Thai, et al.,

Defendants.

1:23-cv-48 (MKV)

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DAMAGES, ATTORNEYS' FEES, AND COSTS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, a former food delivery driver, brought this action on behalf of himself and others similarly situated against Defendants Dee Mark Inc., Dee Jing Inc., Limupoke Inc., Penkae Poolsuk, Chatchai Huadwattana, Pornchanok Makmuang, and Kanruthai Makmuang (collectively "Defendants"), asserting claims under the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law, §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and 26 U.S.C. § 7434(a). [ECF No. 82 ("Second Am. Compl.")].[1]

After nearly three years of litigation, Defendants cross-moved for summary judgment on all of Plaintiff's claims, [ECF No. 84], and Plaintiff cross-moved for summary judgment on behalf of himself only. [ECF No. 87]. This Court issued an Order granting in party and denying in part the parties' cross-motions for summary judgment with respect to liability only as Plaintiff requested that damages be addressed after resolution of the cross-motions. [ECF No. 98 ("SJ Order")]. Specifically, the Court held that Plaintiff was entitled to summary judgment on his

[1] Plaintiff moved for conditional certification of his collective action under the FLSA pursuant to 29 U.S.C. § 216(b). [ECF No. 18]. Magistrate Judge Gorenstein, to whom the motion was referred, [ECF No. 44], granted the motion but with a narrower scope than Plaintiff had requested. [ECF No. 50]. Despite certification, no additional plaintiffs opted into the conditionally certified collective action. [ECF No. 66].

unpaid minimum wage and overtime claims (on the basis of an unlawful tip credit taken from his wages) and his tip retention claims under the FLSA and NYLL. SJ Order at 8-21, 36. Further, the Court held that Plaintiff was entitled to summary judgment on his claim that Kanruthai Makmuang and Dee Mark Inc. were liable as his employers. SJ Order at 29-30. However, the Court held that Plaintiff was not entitled to summary judgment with respect to his claims for liquidated damages, that a three-year statue of limitations applies, and that Defendants Huadwattana and Pornchanok Makmuang were liable as employers. *Id.* at 25-34, 36. Further, the Court found Defendants entitled to summary judgment with respect to Plaintiff's Wage Theft Prevention Act claims and Section 7434(a) claims. *Id.* at 21-25, 34-37.

Thereafter, the Court so ordered the parties' joint stipulation dismissing with prejudice all claims against Defendants Dee Jing Inc., Limupoke Inc., Penkae Poolsuk, Chatchai Huadwattana, Pornchanok Makmuang, and Plaintiff's claims against all Defendants for injunctive relief and liquidated and punitive damages. [ECF No. 104]. As a result of the stipulation, the only remaining Defendants are Dee Mark Inc. and Kanruthai Makmuang.

Now before the Court is Plaintiff's motion for damages, attorneys' fees and costs. [ECF No. 106]. In support, Plaintiff has filed a memorandum of law ("Mem."), [ECF No. 107], and the Declaration of C.K. Lee, Esq. ("Lee Decl.") with attached exhibits. [ECF No. 108]. The Lee Declaration includes exhibits that detail the rates requested and timekeeper records for the attorneys and paralegals who worked on the matter with the notable exception of one attorney ("FL") and one paralegal ("JM"), who are referred to only by their initials. *See* Lee Decl., Ex. B. Defendants have filed an opposition ("Opp'n"). [ECF No. 109]. Plaintiff filed a reply ("Reply") [ECF No. 110], and a supplemental Declaration of C.K. Lee, Esq. ("Supp. Lee Decl."). [ECF No. 111].

In sum, Plaintiff seeks $16,478.43 in damages, $189,279.50 in attorneys' fees, and $2,064.15 in out-of-pocket costs. [ECF No. 106]. Defendants do not object to the damage amount but contest the requested attorneys' fees and costs. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion.

**DISCUSSION**

**I. Damages**

Plaintiff requests $16,478.43 in total damages for his minimum wage and overtime claims as well as his tip retention claims. In support he submits an exhibit reflecting the damage calculations for each of those claims based on the undisputed record evidence presented at the summary judgment stage. *See* Lee Decl., Ex. A (calculating $4,083.07 in damages for minimum wage claims. $24.49 in damages for overtime claims, and $12,370 in damages for tip retention claims). Defendants do not contest these calculations. Rather their briefing, for all intents and purposes, concedes these are the correct calculations. *See* Opp'n at 1, 6, 12, 15 (conceding Plaintiff recovered $16,478.43 in damages based on his surviving claims). Accordingly, in the absence of any objection and having reviewed Plaintiff's calculations, which are premised on the undisputed factual record, the Court grants Plaintiff's request for $16,478.43 in damages.

**II. Reasonable Attorneys' Fees and Costs**

Plaintiff separately requests $189,279.50 in attorneys' fees and $2,064.15 in costs. Plaintiff, who has prevailed on his FLSA and NYLL claims, is entitled to recover his reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1).

In calculating reasonable attorneys' fees, the Court must determine the so-called lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v.*

*Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). A district court should "bear in mind *all* of the case-specific variables . . . identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (emphasis in original) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)).

These case-specific variables include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

The fee applicant bears the burden of establishing its request with appropriate documentation concerning the hours expended and requested rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010) (noting party requesting fees must, with limited exceptions, support its application with "contemporaneous time records"); *see also Graziano v. First Unum Life Ins. Co.*, No. 21-CV-2708 (PAC), 2024 WL 1175143, at *4 (S.D.N.Y. Mar. 19, 2024) ("In order to calculate the reasonable hours expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials.") (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

**A. Inadequate Documentation for Certain Requested Fees**

Included in the request for $189,279.50 in fees, are $27,400 in fees for a third-year associate with the initials FL, and $715.00 in fees for a paralegal with the initials JM. Lee Decl., Ex. B at 2. However, Plaintiff's counsel fails to provide any information concerning these individuals and any documentation or time records substantiating the requested fees for these individuals. *See generally* Lee Decl., Ex. B. This absence is particularly glaring given Plaintiff's counsel has otherwise provided contemporaneous time records for all other timekeepers for which it seeks to recover fees. *Id.* Since it is the fee applicant's burden to support its request for fees with contemporaneous time records indicating the hours expended and work done, *see Scott*, 626 F.3d at 133-34, the Court denies recovery of any fees with respect to attorney FL and paralegal JM. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 54 (2d Cir 1992) ("Failure to [provide adequate supporting documentation] results in denial of the motion for fees."); *American Empire Surplus Lines Ins. Co. v. Concord Restoration Inc.*, No. 20-cv-2341 (RPK) (PER), 2023 WL 9289062, at *7 (E.D.N.Y. Mar. 24, 2023); *Scevola v. New York Sports and Joints Orthopaedic Specialists PLLC*, No. 18-cv-5696 (GBD) (KHP), 2019 WL 5884567, at *2 (S.D.N.Y Nov. 12, 2019) (denying award of fees where Plaintiff failed to support its fee request with contemporaneous time records).

**B. Reasonable Hourly Rate**

With respect to the remaining timekeepers for whom Plaintiff's counsel has submitted adequate supporting documentation in the form of contemporaneous time records, the Court assesses whether the requested rates are reasonable. "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. This is "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee

applicant's counsel" and may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (citation modified). When determining this rate, district courts should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

Plaintiff's counsel seeks fees for work performed by three attorneys: Rony Guldmann, a tenth-year associate at a rate of $900 per hour, James Jackson, an eighth-year associate at a rate of $900 per hour, and Chloe Lam, a first-year associate at a rate of $500 per hour. Mem. at 10. Counsel also seeks fees for three paralegals at a rate of $325 per hour but provides no information as to their backgrounds or level of experience. Lee Decl., Ex. B at 2.

These requested rates are significantly higher than typical for comparable FLSA attorneys in this District. For FLSA litigators in this District, the standard rate for experienced senior associates is roughly $250 to $450 per hour and $100 to $250 for junior associates. *See Velasquez v. Heavenly Finest Deli Inc.*, No. 25-cv-08542 (LJL), 2026 WL 1906361, at *11 (S.D.N.Y. July 1, 2026) (noting that the typical rate in the District is between $250 and $450 with the "upper range appropriate for the most experienced FLSA litigators"); *Rivera v. Livunltd LLC*, No. 25-cv-1348 (VSB), 2026 WL 1552331, at *4 (S.D.N.Y. June 2, 2026) (reducing rate for partner from $850 to $500 and noting that $450 is the prevailing maximum for senior FLSA associates); *Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-cv-4661 (MKV), 2024 WL 3594564, at *5 (S.D.N.Y. July 30, 2024) (noting a range of $250 to $450 for experienced FLSA litigators and $100 to $200 for junior associates); *Ke v. J R Sushi 2 Inc.*, No. 19-cv-7332 (PAE) (BCM), 2024 WL 1891195, at *3 (S.D.N.Y. Apr. 30, 2024) (same); *Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664-65 (S.D.N.Y. 2022) (awarding rate of $300 per hour to FLSA attorney with nearly ten years of

experience in employment law and $250 per hour for attorney with five years' experience). Further, rates in this District for paralegals in FLSA litigation are generally from $75 to $150 per hour depending on the level of experience. *J R Sushi 2 Inc.*, 2024 WL 1891195, at *3 (collecting cases); *see also Martinez v. One Jeanswear Grp. Inc.*, No. 24-cv-7512 (ER), 2025 WL 1380301, at *2 (S.D.N.Y. Apr. 15, 2025) ("Hourly rates for paralegals of $100 to $150 per hour at typical for awards in this [d]istrict.") (citation modified).

The rates in FLSA litigation for comparable attorneys and support staff in the Eastern District of New York are largely commensurate. *See Kim v. J&J Safetymate Corp.*, No. 22-cv-1070 (TAM), 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) ("[T]he current forum rates in the Eastern District of New York are $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals."); *see also Rueda v. A & G Iron Works Corp*, No. 1:25-cv-1791 (MKB), 2026 WL 183692, at *17 (E.D.N.Y. Jan. 23, 2026) (collecting cases and noting "[a]s for paralegals, courts have concluded that $70 to $100 is the typical range of awarded hourly rates for legal support staff.") (citation modified).

Plaintiff's counsel entirely fails to address the experience and credentials of the paralegals and also fails to provide any meaningful insight into the background and credentials of the attorneys beyond stating that Mr. Guldmann has a J.D. from Stanford Law School and Mr. Jackson has a J.D. from Cardozo Law School. *See* Lee Decl. Ex. B at 2. Counsel also provides no information on Ms. Lam beyond her class year. *Id.* Where, as here, a fee applicant's submission fails to demonstrate that the experience of counsel and paralegals in wage and hour litigation warrants the requested compensation, a reduction of the requested rate is appropriate. *See Rueda*, 2026 WL 183692, at *18-19 (reducing rate to $300 for senior associates where party failed to provide sufficient individualized background information to support requested rates of $500 and

higher); *Howarth v. FORM BIB LLC*, No. 18-cv-7047 (JPO) (SN), 2020 WL 3441030, at *5 (S.D.N.Y. May 11, 2020) ("Where a moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested.") (citation omitted); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015) ("[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals.")

Accordingly, in line with the prevailing rates in this District and given Plaintiff has failed to provide sufficient information concerning the backgrounds of the attorneys and paralegals for whom he seeks to recover fees, the Court reduces the requested rates as follows: $400 per hour for senior associates Rony Guldmann and James Jackson; $200 per hour for first year associate Chloe Lam; and $100 per hour for each of the three paralegals.

**B. Reasonable Hours Expended**

In ascertaining the fee award, a district court must also assess the hours expended and the "should exclude excessive, redundant, or otherwise unnecessary hours[.]" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). A determination of the reasonableness of hours expended "is committed to the discretion of the district court" because an appropriate award of attorneys' fees depends "on the unique facts of each case." *Cannon v. Hist. Design, Inc.*, No. 24 CIV. 7662 (JHR) (GWG), 2025 WL 2599889, at *6 (S.D.N.Y. Sept. 9, 2025) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). In making this determination, a court relies on its familiarity with the case, experience, and the submissions of the parties. *Clarke*, 960 F.2d at 1153. "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded," and "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number

of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citation modified); *see also Hines v. City of Albany*, 613 F. App'x 52, 53-54 (2d Cir. 2015) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.") (citation modified).

Excluding the timekeepers for whom Plaintiff failed to provide any documentary support, Plaintiff seeks compensation for 232.5 hours of work on this case: 158.7 hours of attorney work; and 73.8 hours of paralegal work. Lee Decl., Ex. B. Defendants make no argument that these hours are unreasonable or excessive. After carefully reviewing the contemporaneous billing records detailing the work done and hours expended and relying on the Court's familiarity with the case, the Court concludes these hours were expended reasonably given the three-year length of this case and the degree to which it was sharply litigated throughout including numerous discovery disputes, [ECF Nos. 15, 40, 47] a fully briefed motion for conditional collective certification, [ECF No. 18], failed mediation, [ECF No. 62], and cross-motions for summary judgment. [ECF Nos. 84, 87]. *See Martinenko v. 212 Steakhouse, Inc.*, No. 1:22-CV-00518 (JLR), 2024 WL 5199792, at *4 (S.D.N.Y. Dec. 23, 2024) (finding 584.9 hours in work to be reasonable in FLSA case that lasted nearly three years and was heavily litigated).

**C. Degree of Success Reduction**

Rather than contest the reasonableness of the hours, Defendants argue that the Court should reduce the lodestar by "at least ninety percent" to reflect the limited degree of success Plaintiff obtained in this case. Opp'n at 12-18.[2]

[2] While Defendants note that the actual damages ($16,478.43) are a mere fraction of the requested fees ($189,279.50), they acknowledge that there is no "proportionality limit" on attorneys' fees in FLSA cases. *Fisher v. SD Protection Inc.*, 948 F.3d 593, 605 (2d Cir. 2020); *see also Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 461-62 (S.D.N.Y. 2024)

In FLSA and NYLL cases, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley v.*, 461 U.S. at 440. The relief ultimately obtained as compared to what Plaintiff initially sought "are key factors in determining the degree of success achieved." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008); *see also Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (noting that degree of success is the most critical factor in determining an appropriate fee award). While work on unsuccessful claims is typically not recoverable, a court may exercise its discretion and award fees for work on unsuccessful claims where "they are inextricably intertwined and involve a common core of facts or are based on related legal theories" to successful claims. *Holick*, 48 F.4th at 106 (citation omitted). Where the successful and unsuccessful claims are intertwined, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434-35.

A reduction is appropriate in this case given the limited success ultimately obtained as compared to the initial goals of Plaintiff's wide-ranging action. Plaintiff initiated this case as a collective and class action and, in his Second Amended Complaint sued three restaurants and four individual Defendants (adding two new defendants), alleging numerous bases of recovery under the FLSA, NYLL, and claims under 26 U.S.C. § 7434 for alleged fraudulent filing of information returns and failure to pay employer payroll taxes. *See* Second Am. Compl. at 1-2.

(noting courts routinely reject "the notion that fee awards in wage-and-hour cases must be proportional to the plaintiff's recovery") (citation omitted).

From the outset, Plaintiff was only partially successful on his conditional collective action certification. [ECF No. 50 ("Conditional Cert. Order")] (granting conditional certification only with respect to delivery workers at two of three named Defendant restaurants and finding Plaintiff had not met his burden of showing the collective action should encompass non-delivery workers and a third restaurant). Further, Plaintiff never even moved for class certification effectively abandoning that original aim of the litigation. While the Second Circuit has approved of 40%-50% reduction in fees for a failed class certification motion, *see Barfield*, 537 F.3d at 132; *Holick*, 48 F.4th at 109, the Court notes that Plaintiff was at least partially successful on his conditional collective certification and he never actually filed a motion for class certification. *See Sanchez v. I&A Rest. Corp.*, No. 14-cv-0726 (DF), 2017 WL 2537814, at *6 (S.D.N.Y. May 22, 2017) (noting a 50% reduction would be inappropriate where Plaintiff never filed a motion for class certification). Moreover, in moving for summary judgment, Plaintiff abandoned any attempt to recover on behalf of anyone other than himself. [ECF No. 87].[3]

In addition to his limited success (and abandonment of class certification), Plaintiff hardly had a high degree of success with respect to his various claims asserted against the slew of Defendants. While prevailing on his overtime, minimum wage, and tip retention claims on summary judgment, his claims under the Wage Theft Prevention Act for failure to provide adequate wage notices and statements[4] and his claims under 26 U.S.C. § 7434 were dismissed on

[3] The Court notes that no reduction is appropriate simply because no further plaintiffs ultimately opted in to the conditionally certified collective action since "the fact that no additional plaintiffs opted in is beyond counsel's control and not a reason to reduce a fee award." *Lu Wan v. YWL USA Inc.*, No. 18-cv-10334 (CS), 2021 WL 1905036, at *9 (S.D.N.Y. May 12, 2021); *see also Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d at 13-14.

[4] The Court is of course mindful that these claims are intertwined with Plaintiff's successful wage and hour claims, which also turned on the adequacy of notice concerning a tip credit. *See Holick*, 48 F.4th at 108.

summary judgment. [ECF No. 98].[5] Moreover, after summary judgment, Plaintiff's counsel voluntarily dismissed all claims against five of the seven named Defendants—dropping two of the three restaurant Defendants—as well as his claims for liquidated and punitive damages, which could have significantly increased Plaintiff's actual damages had he succeeded on them at trial. [ECF No. 104]; *see also Coker v. Goldberg & Assocs. P.C.*, No. 1:21-cv-01803 (JLR), 2024 WL 2274035, at *3 (S.D.N.Y. May 20, 2024), *aff'd*, No. 24-1658, 2025 WL 3012274 (2d Cir. Oct. 28, 2025) ("Even if Plaintiff strategically decided to withdraw her claims, the fact remains that she voluntarily withdrew them and therefore did not prevail on them."). Thus, the ultimate results achieved were a far cry from the original expansive scope of this litigation.

Accordingly, the Court grants a further 35% reduction from the lodestar given Plaintiff's counsel only partially achieved certification of his collective action and otherwise failed to achieve a high degree of success. *See Holick,* 48 F.4th at 109-110 (approving a 40% reduction where Plaintiff failed to achieve a class action and received just a fraction of the damages sought); *Quintanilla v. Pete's Arbor Care Servs., Inc.*, No. 19-CV-6894 (JMA) (ARL), 2024 WL 3675900, at *9 (E.D.N.Y. Aug. 6, 2024), *reconsideration denied*, No. 19-CV-6894 (JMA) (ARL), 2024 WL 4467221 (E.D.N.Y. Oct. 10, 2024) (applying 40% reduction in fees where the plaintiff "abandoned his pursuit of collective/class relief" and obtained "a scintilla" of the relief sought in his original complaint); *Najera v. Kurtishi*, No. 21-cv-01309 (ER), 2024 WL 180867, at *5 (S.D.N.Y. Jan. 17, 2024) (imposing a 25% reduction despite the fact that the unsuccessful FLSA and NYLL claims substantially overlapped with the work needed for successful NYLL claims where Plaintiff's damages were orders of magnitude below the total amount sought); *Sanchez*, 2017 WL 2537814,

[5] Plaintiff also abandoned any claims under the FLSA and NYLL for allegedly unreimbursed out-of-pocket expenses and for illegally retained surcharges on certain delivery orders. *Compare* Second Am. Compl. at 2 *with* SJ Order.

at *6 (imposing 15% reduction where "all of Plaintiff's federal claims were dismissed, and, although Plaintiff still recovered state-law damages for unpaid overtime compensation, that recovery was for less than one-seventh of the time frame for which such damages were sought"); *Bond v. Welpak Corp.*, No. 15-cv-2403 (JBW) (SMG), 2017 WL 4325819, at *7 (E.D.N.Y. Sept. 26, 2017) (imposing 25% reduction where damages awarded were "far more modest than plaintiffs had originally sought").[6]

**D. Fee Calculation**

The Court calculates the fee award using the reduced hourly rates discussed above. This results in a fee award of $10,240 for attorney Rony Guldmann (25.6 hours x $400 per hour), $48,720 for attorney James Jackson (121.8 hours x $400 per hour), $2,260 for attorney Chloe Lam (11.3 hours x $200 per hour), $6,130 for paralegal Ulysses Kim (61.3 hours x $100 per hour), $730 for paralegal Liam Casey (7.3 hours x $100 per hour), and $520 for paralegal Luis Arnaud (5.2 hours x $100 per hour). *See* Lee Decl., Ex. B. This results in a total award of $68,780. This amount is subject to a further 35% deduction for Plaintiff's limited degree of success. Therefore, counsel for Plaintiff is entitled to a total of $44,707 in attorneys' fees.

**E. Reasonable Costs**

A prevailing plaintiff may also recover reasonable costs under both the FLSA and NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). A fee applicant is entitled to reasonable out-of-pocket expenses incurred by an attorney, but must provide adequate documentation to support the request in the form of receipts, invoices or other evidence. *Fisher*, 948 F.3d at 600; *see also Jones*

---

[6] Defendants provide minimal support for its request of a 90% reduction and the caselaw cited is inapposite. Mem. at 16; *see also Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 269-70 (E.D.N.Y. 2021) (finding the 90% reduction driven "by the unique and, at times, unconscionable approaches taken by counsel in this case."); *Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19-cv-2532 (PAE) (RWL), 2022 WL 2788655, at *20 (S.D.N.Y. July 15, 2022) (ordering 90% across the board reduction given marginal success as well as "substandard advocacy and disregard of their clients' interests; and counsel's persistently problematic, if not alarming, staffing and timekeeping practices").

*v. Pawar Bros. Corp.*, No. 17-cv-3018 (PKC) (SJB), 2023 WL 6214213, at *13 (E.D.N.Y. Sept. 25, 2023).

Plaintiff's counsel requests reimbursement of $2,064.15 in out-of-pocket cost including: (1) the $402 filing fee; (2) $625 in deposition services fees; (3) $1,000 in translation fees; and (4) $37.15 in mailing fees. Mem. at 1, 16. Counsel has submitted adequate documentation for these costs in the form of receipts and is thus entitled to recover them. *See* Supp. Lee Decl., Exs. A-C; *see also Wu*, 2024 WL 3594564, at *7 (awarding costs for filing fee, depositions, and translators that were supported with invoices). Further, Plaintiff has sworn under penalty of perjury as to the truthfulness of the $37.15 in mailing fees. *See* Supp. Lee Decl., ¶¶ 2-5; *see Cortez v. Brand Name 99 Cents & Up Corp.*, No. 24-cv-5262 (LJL), 2025 WL 1251297, at *10 (S.D.N.Y. Apr. 30, 2025) (noting that "a sworn statement or declaration of expenses" under penalty of perjury is sufficient to establish $79 in service costs); *see also Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.").

Accordingly, Plaintiff is entitled to reasonable costs in the amount of $2,064.15.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to $16,478.43 in damages and an award of $44,707 in attorneys' fees and $2,064.15 in costs.

The Clerk of Court is respectfully requested to terminate docket entry 106 and close the case.

**SO ORDERED.**

**Date: September 21, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**